IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIBERTY SURPLUS INSURANCE CORPORATION,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. _____ |
| | §<br>§ | |
| TEXAS DESCON, L.P., J. WAYNE MEDLIN; and CITY OF EDINBURG,<br>    Defendants. | §<br>§<br>§ | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Liberty Surplus Insurance Corporation ("LSIC") files this Original Complaint for Declaratory Judgment and in support thereof would respectfully show the Court as follows:

### I.    PARTIES

1.    Plaintiff LSIC is a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts. LSIC is, and at all material times was, an eligible surplus lines insurer in Texas.

2.    Defendant Texas Descon, L.P. ("Texas Descon") is a company organized and existing under the laws of the State of Texas with its principal place of business in Texas. Each of the partners of Texas Descon is a citizen of Texas. This defendant may be served with process through its registered agent for service of process, Michael D. Smith, 5801 North 10th Street, Suite 600, McAllen, Texas 78504.

3.    Defendant J. Wayne Medlin ("Medlin") is a resident of Kendall County, Texas. Citation may be served upon Defendant Medlin at 45 Wasp Creek Road, Boerne, Texas 78006.

4.    Defendant City of Edinburg ("Edinburg") is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas. This defendant

may be served with process through its registered agent for service of process, Myra Garza, Office of the City Secretary, City Hall, 210 W. McIntyre, Edinburg, Texas 78540.

## II. JURISDICTION AND VENUE

5. This action involves a dispute between citizens of different states. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this judicial district under 28 U.S.C. §1391(a) because one or more defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

7. In connection with Local Rule 5.2, Plaintiff further advises of a related case currently pending in this venue in the matter styled and numbered *Liberty Surplus Insurance Corporation v. Century Surety Company, Descon Construction, L.P. and City of Edinburg*; In the United States District Court for the Southern District of Texas; Civil Action No. 4:18-cv-01444.

## III. FACTS

**A.   Background**

**1.   The LSIC Policies**

8. Descon is a Texas company operating as a general contractor in the construction business. LSIC is a provider of commercial general liability insurance to Descon Construction, L.P. under the following polices (collectively the "LSIC Descon Policies"):

| Policy Period | Policy Type | Policy Limits | Policy No. |
|---|---|---|---|
| 4/15/05 to 4/15/06 | Primary | $1M/$2M Agg. | EGLBO184043015 |
| 4/15/06 to 4/15/07 | Primary | $1M/$2M Agg. | DGLBO184043025 |
| 4/15/07 to 4/15/08 | Primary | $1M/$2M Agg. | DGLBO184043035 |
| 4/15/08 to 4/15/09 | Primary | $1M/$2M Agg. | DGLBO184043045 |

9. Texas Descon is Texas Company operating as a general contractor in the construction business. LSIC is a provider of commercial general liability insurance to Texas Descon under the following policies (collectively the "LSIC Texas Descon Policies"):

| Policy Period | Policy Type | Policy Limits | Policy No. |
|---|---|---|---|
| 12/01/2007 – 12/01/2008 | Primary | $1M/$2M Agg. | DGLBO184192016 |
| 12/01/2006 – 12/01/2007 | Primary | $1M/$2M Agg. | DGLBO184192026 |
| 12/01/2008 – 12/01/2009 | Primary | $1M/$2M Agg. | DGLBO184192036 |
| 12/01/2009 – 12/01/2010 | Primary | $1M/$2M Agg | DGLBO184192046 |
| 12/1/2010- 12/1/11 | Primary | $1M/$2M Agg | DGLBO184192-5 |

### 2. The Arbitration

10. Descon was a respondent in an arbitration (the "Arbitration") which arose out of the construction of the Dustin Sekula Memorial Library in the City of Edinburg, Texas (the "Library" and/or "Project"). Descon entered into a contract with Edinburg for the construction of the Library on or about January 25, 2006 and a Certificate of Substantial Completion was issued for the Library on or about March 20, 2007. Descon also entered into a subcontract with McAllen Steel Erectors ("McAllen Steel"), dated on or about January 25, 2006 for the construction of the metal roof and related work for the Library (the "Subcontract"). Texas Descon and/or Medlin were not parties to the construction contracts or the subsequent Arbitration.

11. Edinburg filed suit against Descon in state court in Bexar County Texas (the "State Court Action"), and the court ordered the suit to arbitration pursuant to an agreement between Edinburg and Descon. Edinburg then filed its claim in the Arbitration on July 15, 2016. In the Arbitration, Edinburg asserted numerous claims for construction defects in connection with the construction of the Library. Edinburg alleged that Descon and its subcontractors performed

inadequate or defective work on numerous portions of the Library, and in particular the roofing system, resulting in damages to Edinburg. Several of Descon's subcontractors, including without limitation McAllen Steel, were parties to the Arbitration. By the time of close of evidence at the Arbitration, Descon and McAllen Steel were the sole remaining respondents. The arbitration panel issued an Arbitration Award on April 13, 2018, awarding Edinburg damages, attorney's fees, and costs against Descon, and awarding Descon damages, attorney's fees, and costs against McAllen Steel. On or about April 18, 2018, Descon tendered the Arbitration Award to, among others, LSIC demanding indemnity under the LSIC Policies against the damages awarded against it in the Arbitration Award. LSIC disputes that Descon is entitled to coverage for the damages awarded against it in the Arbitration.

12. LSIC filed a lawsuit styled and numbered *Liberty Surplus Insurance Corporation v. Century Surety Company, Descon Construction, L.P. and City of Edinburg*; in the United States District Court for the Southern District of Texas; Civil Action No. 4:18-cv-01444, wherein: (a) LSIC asserted claims against Descon, Edinburg and Century; (b) Edinburg asserted a counterclaim against LSIC and a cross-claim against Century; and (c) Century asserted a counterclaim against LSIC, a cross-claim against Edinburg, and a third-party claim against McAllen Steel (the "Coverage Lawsuit"). The Coverage Lawsuit remains pending.

13. After the Arbitration Award was issued and Liberty filed the the Coverage Lawsuit, Edinburg filed a Thirteenth (A) Amended Petition in the State Court Action, adding Texas Descon, Medlin, and Michael D. Smith as defendants, in an attempt to collect the Arbitration Award against them. Edinburg also filed in the State Court Action a "TRCP 28 Motion to Substitute Named Descon Defendants", seeking to substitute named defendants in the state court lawsuit to include "J. Wayne Medlin a/k/a and d/b/a Descon Management, L.L.C., a/k/a and d/b/a Maco

Management, L.L.C., a/k/a and d/b/a Michael C. Smith a/k/a and d/b/a Descon 4S, L.L.C., a/k/a and d/b/a Descon Construction, L.P., a/k/a and d/b/a Texas Descon, L.P., each individually, d/b/a and f/k/a Descon Construction, L.P."

### 3. This Dispute

14. In the Coverage Lawsuit LSIC disputes that Descon is entitled to coverage under the LSIC Descon Policies for the damages in the Arbitration Award for the following reasons: (1) the insuring agreements of the LSIC Policies is not satisfied; (2) the damages, attorney's fees and/or costs awarded against Descon are not covered by the by LSIC Descon Policies; (3) the damages awarded against Descon are excluded by the LSIC Descon Policies' contractual liability exclusions; (4) the damages awarded against Descon are excluded by the LSIC's Descon Policies' "damage to property" exclusions; (5) the damages awarded against Descon are excluded by the LSIC's Descon Policies' damage to "your work" exclusions; (6) the damages awarded against Descon are excluded by the LSIC's Descon Policies' "known injury or loss" exclusions; (7) the LSIC Descon Policies do not provide coverage for the damages awarded against Descon by operation of the LSIC Descon Policies' "other insurance" conditions; (8) Descon failed to satisfy the self-insured retention of the 2005-2006 LSIC Descon Policy; (9) Descon failed to comply with its obligations under the LSIC Descon Policies' Special Conditions for Subcontractors endorsements; and (10) the damages awarded against Descon are excluded by the LSIC Descon Policies' Exterior Insulation and Finish Systems exclusions. Descon is not entitled to coverage under the LSIC Descon Policies based on application of the foregoing and additional terms, provisions, conditions and/or exclusions of the LSIC Descon Policies.

15. In this lawsuit, LSIC disputes that Texas Descon is entitled to coverage under the LSIC Texas Descon Policies for the damages in the Arbitration Award for the following reasons:

(1) the damages awarded in the Arbitration Award do not constitute sums Texas Descon is legally obligated to pay as damages; (2) the damages awarded in the Arbitration Award are not the result of property damage caused by an occurrence; (3) Texas Descon failed to comply with the LSIC Texas Descon Policies' Duties in the Event Of Occurrence, Claim or Suit Condition; (4) the damages awarded in the Arbitration Award excluded by the LSIC Texas Descon Policies' expected or intended injury exclusions; (5) the insuring agreements of the LSIC Texas Descon Policies is not satisfied; (6) the damages, attorney's fees and/or costs awarded in the Arbitration Award not covered by the by LSIC Texas Descon Policies; (7) the damages awarded in the Arbitration Award are excluded by the LSIC Texas Descon Policies' contractual liability exclusions; (8) the damages awarded in the Arbitration Award are excluded by the LSIC's Texas Descon Policies' "damage to property" exclusions; (9) the damages awarded in the Arbitration Award are excluded by the LSIC's Texas Descon Policies' damage to "your work" exclusions; (10) the damages awarded in the Arbitration Award are excluded by the LSIC's Texas Descon Policies' "known injury or loss" exclusions; (11) the LSIC Texas Descon Policies do not provide coverage for the damages awarded against Texas Descon by operation of the LSIC Texas Descon Policies' "other insurance" conditions; (12) Texas Descon failed to comply with its obligations under the LSIC Policies' Special Conditions for Subcontractors endorsements; and (13) the damages awarded in the Arbitration Award are excluded by the LSIC Policies' Exterior Insulation and Finish Systems exclusions.  Texas Descon is not entitled to coverage under the LSIC Texas Descon Policies based on application of the foregoing and additional terms, provisions, conditions and/or exclusions of the LSIC Texas Descon Policies.

    16.    LSIC further disputes in this lawsuit that Medlin is entitled to coverage under the LSIC Descon Policies for the same reasons that Descon is not entitled to coverage under the LSIC

Descon Policies identified in paragraph 14 herein. LSIC further disputes that Medlin is entitled to coverage under the LSIC Texas Descon Policies for the same reasons that Texas Descon is not entitled to coverage under the LSIC Texas Descon Policies identified in paragraph 15 herein. LSIC further disputes that Medlin is entitled to coverage under the LSIC Descon Policies and/or the LSIC Texas Descon Policies because Medlin does not qualify as an insured, named insured, and/or additional insured under the LSIC Descon Policies and/or the LSIC Texas Descon Policies.

17. Liberty further disputes in this lawsuit that Texas Descon qualifies as an insured, named insured, and/or additional insured under the LSIC Descon Policies.

18. All conditions precedent to the assertion of the causes of action set forth herein have been performed, have occurred and/or have been waived.

## IV.   CAUSES OF ACTION

**COUNT I - CAUSE OF ACTION FOR DECLARATORY JUDGMENT**

19. Plaintiff LSIC incorporates the allegations set forth in paragraphs 1 - 18 above.

20. A real, substantial and justiciable controversy exists between the parties concerning their respective rights and obligations with respect to coverage under the LSIC Descon Policies and the LSIC Texas Descon Policies for the damages awarded in the Arbitration.

21. Plaintiff asks the Court to declare as a matter of law that the LSIC Descon Policies and the LSIC Texas Descon Policies do not provide coverage for Texas Descon and/or Medlin for the damages, attorney's fees, and costs awarded in the Arbitration.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Liberty Surplus Insurance Corporation respectfully requests that upon hearing and proper proof the Court enter judgment rendering the declarations requested herein and awarding all of its actual damages, attorneys' fees,

expenses and costs, pre- and post-judgment interest, and for such other and further relief, both special and general, at law or in equity, that it may show itself justly entitled.

                Respectfully submitted,

            **MARTIN, DISIERE, JEFFERSON & WISDOM, LLP**

By:   */s/ Kevin L. Sewell*
      **Kevin L. Sewell**
      State Bar No. 00789619
      sewell@mdjwlaw.com
      Southern District Bar No. 20520
      **Matthew Paradowski**
      State Bar No. 24027588
      Southern District Bar No. 963685
      paradowski@mdjwlaw.com
      9111 Cypress Waters Blvd., Suite 250
      Dallas, Texas 75019
      Telephone: (214) 420-5500
      Facsimile: (214) 420-5501

      **ATTORNEYS FOR PLAINTIFF LIBERTY SURPLUS INSURANCE CORPORATION**